UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FELIPE GUTIERREZ-CHIC,<br><br>                       Petitioner,<br><br>v.<br><br>WILLIAM P. BARR, et. al.<br><br>                       Respondents. | Case No.: 19cv00814 JAH-RBB<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS** |

Pending before the Court is Petitioner Felipe Gutierrez-Chic's petition for writ of habeas corpus pursuant to 28 U.S.C. section 2241. For the reasons set forth below, the Court DENIES the petition.

**BACKGROUND**

Petitioner was arrested on January 26, 2019 pursuant to an out of district complaint from the Western District of Texas. Upon Petitioner's request, the jurisdiction was transferred to the Southern District of California. Thereafter, Petitioner filed a motion to dismiss for lack of jurisdiction and the government filed a motion to return jurisdiction of supervised release. On April 29, 2019, after hearing oral argument on the motions, this Court denied the motion to dismiss and granted the government's motion to return

jurisdiction. On May 2, 2019, Petitioner filed the instant petition. Respondent filed a response on May 16, 2019 and Petitioner filed a traverse on May 21, 2019.

## DISCUSSION

Petitioner argues he is being detained despite not having been arrested on a valid warrant and seeks an order releasing him from custody and staying any removal order that may issues. He contends three years of probation commenced in the Western District of Texas on November 25, 2015 and, accordingly, expired on November 25, 2018. He maintains the United States Marshal Service has no statutory authority to make a warrantless arrest of a suspected violator of probation and the purported warrant upon which he was arrested is not a warrant because it was not issued on the basis of a sworn oath or affirmation. Petitioner argues no court has jurisdiction to do anything but dismiss the petition because no valid warrant was issued before the expiration of probation.

Respondent maintains there is no oath or affirmation requirement in the federal statute that confers the authority to issue probation and supervised release warrants, and the Fifth Circuit, the controlling law, declined to read an oath or affirmation requirement in the statute. Respondent argues the United States Marshal Service effectuated service of the warrant validly issued by a district court in the Fifth Circuit. Respondent contends Petitioner relies on the conflict between Ninth Circuit and Fifth Circuit law and his "act of shopping his probation to this jurisdiction" raises highly problematic questions. Respondent argues the request for relief should be denied. Response at 4.

In his traverse, Petitioner argues the district court was bound by Ninth Circuit precedent and was required to dismiss the case once the insufficiency of the warrant was discovered. He further maintains he did not engage in "shopping" but, instead, did what he could to ensure communication with his daughter was not interrupted.[1]

---

[1] The Court notes, as Gutierrez-Chic well knew, that the purported reason for the request to transfer, i.e. for communication with his daughter who was separated from him at the time of arrest, was no longer an issue as his daughter was released from custody to a sponsoring relative in the state of Florida before he filed his motion to dismiss in United States v. Gutierrez-Chic, 19cv7050 JAH (S.D.Cal. 2019).

As discussed in depth in <u>United States v. Gutierrez-Chic</u>, 19cv7050, the conflict between Fifth Circuit and Ninth Circuit law is problematic in this matter where the Western District of Texas issued a valid warrant under Fifth Circuit law and there is no Ninth Circuit authority instructing courts how to proceed when a case is transferred from a jurisdiction in which the warrant was validly issued. The Court adopts, in full, its reasoning and findings regarding Petitioner's motion to dismiss in <u>United States v. Guiterrez-Chic</u>. The Court finds no authority supporting Petitioner's request for release under the facts of this case.[2]

Accordingly, for the above reasons and reasons state on the record in <u>United States v. Gutierrez-Chic</u>, IT IS HEREBY ORDERED the petition for writ of habeas corpus is **DENIED**.

DATED: May 24, 2019

_____
JOHN A. HOUSTON
United States District Judge

---

[2] The particular and strained circumstances here involve Petitioner initiating a transfer to this Court for the sole purpose of circumventing Fifth Circuit law to his advantage and, while doing so, misleading the United States Probation Office through his failure to advise the probation officer of his true intent and the differences in case law between the Fifth Circuit and the Ninth Circuit to accomplish the deceitful purpose of intentionally constructing a favorable outcome of his case.

3

19cv00814 JAH-RBB